Dear Mr. Wilson:
This letter is in response to your questions asking:
 "A. Do the statutes prohibit the use of a flashing strobe light on a school bus which has been mounted on the roof and centered at or near the rear?
 "B. If the statutes do not prohibit the use of this light, must it be of a specific color? If so, what?
 "C. Is it necessary for the Director of the Department of Public Safety to approve this lighting device if the State Board of Education adopts a regulation permitting its use?
 "D. Is it legal for the Director of the Department of Public Safety to approve a roof-mounted flashing strobe light for school buses since the American Association of Motor Vehicle Administrators (AAMVA) has only approved it for use on authorized emergency vehicles?"
You have enclosed two prior opinions of this office with your request. In Opinion No. 195-1976 which you enclosed, this office concluded that the authority of the Director of the Department of Revenue to approve or disapprove the use of a lighting system for motor vehicles under Section 307.030, RSMo, was transferred to the Director of the Department of Public Safety under the Omnibus State Reorganization Act. You also enclosed Opinion No. 290-1966 in which this office held that the use of the device known as hazard warning lights is unlawful in this state except on school buses, certain United States mail vehicles and emergency vehicles described in Section 304.022, RSMo. We point out, however, that Opinion No. 290-1966 was withdrawn and is not to be considered as authority. Such withdrawal was on the basis of the requirements of the federal law, 15 USCA 1392(d) which provides that no state shall impose a requirement contrary to federal motor vehicle safety standards.
Section 307.030 provides:
 "1. The director of revenue [Director of the Department of Public Safety] is hereby given authority to pass upon the lighting equipment of any vehicle, motor vehicle, or motor-drawn vehicle with a view to its safety for use on a street or highway.
 "2. The director of revenue is hereby authorized to promulgate rules and regulations not inconsistent with this chapter, and publish same.
 "3. The director of revenue may require the approval of any lighting equipment or lighting device, and charge a fee therefor of fifty dollars for each device or each single lighting device submitted for approval, and may set up the procedure which may be followed when any lighting equipment or lighting device is submitted for approval.
 "4. The director of revenue may revoke or suspend for cause, after hearing, any certificate of approval that may be issued covering any lighting equipment or lighting device under this chapter."
Section 304.060, RSMo, as amended by the Laws of 1977, provides:
 "1. The state board of education shall adopt and enforce regulations not inconsistent with law to cover the design and operation of all school buses used for the transportation of school children when owned and operated by any school district or privately owned and operated under contract with any school district in this state, and such regulations shall by reference be made a part of any such contract with a school district. The state board of education may adopt rules and regulations governing the use of other vehicles owned by a district or operated under contract with any school district in this state and used for the purpose of transporting school children; provided that such other vehicles shall not transport more than four school children at any one time and the operator shall be licensed in accordance with section 302.070. Every school district, its officers and employees, and every person employed under contract by a school district shall be subject to such regulations. The state board of education shall cooperate with the state highway department and the state highway patrol in placing suitable warning signs at intervals on the highways of the state.
 "2. Any officer or employee of any school district who violates any of the regulations or fails to include obligation to comply with such regulations in any contract executed by him on behalf of a school district shall be guilty of misconduct and subject to removal from office or employment. Any person operating a school bus under contract with a school district who fails to comply with any such regulations shall be guilty of breach of contract and such contract shall be canceled after notice and hearing by the responsible officers of such school district."
Section 307.100, RSMo, provides:
 "Any lighted lamp or illuminating device upon a motor vehicle other than head lamps, spot lamps, front direction signals, or auxiliary lamps which projects a beam of light of an intensity greater than three hundred candlepower shall be so directed that no part of the beam will strike the level of the roadway on which the vehicle stands at a distance of more than seventy-five feet from the vehicle. Alternately flashing warning signals may be used on school buses when used for school purposes and on motor vehicles when used to transport United States mail from post offices to boxes of addressees thereof and on emergency vehicles as defined in section 304.022, but are prohibited on other motor vehicles, motorcycles and motor-drawn vehicles except as a means for indicating a right or left turn."
We are not advised with respect to the candlepower of the light. We assume that the strobe light does not project a beam of light so as to conflict with the candlepower requirements of Section 307.100.
The information that you have furnished us indicates that the one strobe light would be mounted on the rear top of the school bus. Assuming that such light consists of one unit in such a position the question arises as to whether or not such a flashing light would be an "alternately" flashing warning signal as the term is used in Section 307.100. Obviously, a flashing warning signal would be a light that varies in intensity. The question we must consider with respect to the use of such terminology in Section 307.100 is whether the use of the word "alternately" is simply redundant when used in conjunction with the words "flashing warning signals". We note that the sentence in which such phraseology is used also contains the provision at the end of such sentence that states "but are prohibited on other motor vehicles, motorcycles and motor-drawn vehicles except as a means for indicating a right or left turn." In this context it appears that since a right or left turn signal would not alternately flash with another opposite signal such use of the word "alternately" by the legislature must have been simple redundancy. This appears to be more apparent when it is considered that if the legislature had actually intended that the flashing warning signals be alternate, that is more than one flashing light and not in sequence, the legislature probably would have also provided where such lights would be located. In fact, the words "alternately-flashing" were originally connected by a hyphen. See Laws 1955, page 625, Section 1, and Laws 1957, page 633, Section 1. In our view the use of the word "alternately" was simple redundancy and therefore a flashing warning signal such as a single strobe light would be within the provision authorizing warning signals under Section 307.100.
You have also asked us with respect to the color of such lights. Section 307.095 provides that red lights may be used on school buses when used for school purposes. However, we know of no provision of state law prohibiting the school bus from using a specific color.
You also ask whether it is necessary for the Director of the Department of Public Safety to approve this lighting device if the State Board of Education adopts a regulation permitting its use. We think it is clear that it is necessary for the Director of the Department of Public Safety to approve the lighting device because under the provisions of Section 304.060, which we have quoted above, the State Board of Education has authority to adopt and enforce regulations not inconsistent with the law to cover the design and operation of all school buses used for the transportation of school children, as provided therein. Therefore, it is necessary for the Director of the Department of Public Safety to first approve the device before the State Board of Education may adopt the device under Section 304.060.
You also ask whether it is legal for the Director of the Department of Public Safety to approve such a device which has only been approved by the American Association of Motor Vehicle Administrators for use on emergency vehicles.
We find nothing in the Agreement for Uniform Approval of Motor Vehicle Safety Equipment which you have furnished to us which would prohibit the Director of the Department of Public Safety from approving such a device. Nor, do we find any provision of state law which prohibits the use of such a device when it has not been approved by the American Association of Motor Vehicle Administrators. We therefore conclude that the Director of the Department of Public Safety may approve such a device even though it has not been approved by the American Association of Motor Vehicle Administrators for such use on school buses.
Very truly yours,
 JOHN ASHCROFT Attorney General